04-0044

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2004 JAN -8 AM 11:06
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SECT. I MAG. 5

ROY ABRAHAM; GEORGE BOSCO ALEXANDER; JACOB GEORGE; HEMACHANDER ADIKESAVAN; CICIL ANTONY AKKARA; APPALA RAJU ALLIPILLI; SAMUEL KUTTY AMPAZHATHUMMOOTIL; DEVA SAGAYARAJ ANTHONY SAMY; APPARAO ANUSURI; RAO GANESWARA ARILI; BABU ARIPPAI; JAGAN CHRISTOPHER AROCKIADOSS; JIT NIMMU BAHADUR; MURALI KRISHNA BANDARU; SUBASH CHANDRA BEHERA; SURYA PRAKASH BOTCHI; BIJU ANTONY CHANKURYTHU; PERIASAMY CHELLAMUTHU; RAJA CHELLAMUTHU; RAJENDRA PRASAD NARAYANAN CHETTYAR; CHANTI CHINTHA; GOWRISANKAR RAO CHOPPA; JOSEPH VITUS CLEMENT; SURESH DADI; KOTESWARA REDDY DALI; RAMBABU DANDU; SAMIR DAS; PAPAYYA RAJU DATTALA; SURIBABU DEGALA; VENKATESAN DEVARAJI; ABRAHAM DOWRLA; JAYAKUMAR GANAPATHI THEVAR; NARASIMHA SHA GANGA; RAJESHWAR GANNA; RAJAN GEORGE; REJIMON GEORGE; LEO PAUL ARTHUR GOMEZ; PRAKASH REDDY GONDESI; NAGESWARA RAO GONTHINA; PRAKASA RAO GONTHINA; SATYA RAO GONTHINA; RAMA RAO GONTHINI; RAMANA GONTHINI; SANYASI RAO GONTHINI; NOOKA RAJU GONTINA; NARASINGA RAO GONTINI; RAJU GONTINI; SANTHOSH KUMAR GOPALA PILLAI; APPALA RAJU GORRELA; BALAKRISHNAN GOVINDARAJ; GOWRISANKAR GUBBALA; MOULESWAR RAO GUNTAMUKKALA; AMRESH KUMAR GUPTA; HARI SREEDHARA PANICKER HARIMAHDIRAM; KRISHNAN RAJU INDUKURI; RAJESWARA RAO JAMI; SADASIVAN ACHARY JANARDHANAN; JOSHUA JOHN; SIJO JOSE; SAJU JOSEPH; ANAND RAO KADARI; JOBI KURIAN KADAVIL; JOY JOSEPH KALAPURAYIL; VINOD PAPPUNNI KALAYIPPARAMPIL; RAJU APPALA KAMBALA; UDAYAKUMAR KUTTAPPAN KANDISSERIL; JOMON MALIYIL CHERIAN KANJIKUZHI; THOMAS JOSEPH KANJIRAPARAMBAL; TOMSON GEORGE KANNAMKARA; PYDI BABU KARAKU; RAJU APPALA KARANAM; APPARAO KARNAM; SATYA RAO KARRI; LALICHAN JOSEPH KARUTHASSERIL; SRINIVAS KASARAPU; MUKHESWARA RAO KATTAMURIPANCHA; SUBRAHMANYAM KELLA; KARUNAKARAN KIZHAKKE VEETTIL; RAGU KRISHNAN; SAJI SAM KUMMATTIYIEL; ISAC KUNJACHAN; RAMACHANDRA VASUDEVA KURUP; RAGHU NAIR KUTTANNAIR; EGNOCIOUS LOUIS; RAMA RAO MADAPANA; RAJAN MADHAVAN; CHANDRA SEKARAN MAHALINGAM; SATYANA RAYANA MAHARANA; MOHAN MANDA; SURESH MARIMUTHU; NAGESWARA RAO MARRY; VARCHESE MATHEW; ANBANANDAM MAYAVAN; NEBU GOPI MOHANAN; ISAAC PAILY MUCKADACKAL; JOHNSON PAPU MULAVARICKAL; JAGAN MOHAN REDDY MURAM; RAJAN MURUGAN; RAMESH MUTHUSAMY; NATARAJAN NAGULAPPAN; VIJAYAMOHANAN T. NAIR; JAYAMOHANAN NAIR; RAGHAVANU SASIDHARAN NAIR; SAROJANYAMMA PONNATTU

Fee 150.
✓ Process
X Dktd
CtRmDep
Doc. No. 1

**NAIR; SHIBU K. NELLIKKAKUNNEL; KRISHNA REDDY PAILAI; ANTONY DEVASSY PALAMUTTATH; CHELLADURAI PALANI; BAVU MOHANAN PALLATH; SEBASTIAN DANIEL PALUVILAYIL; VINCENT ANTONY PANIKULAM; ROY SAMUEL PANTHUVETTUM PARAMPIL; PARANTHAMAN PARAMASIVAM; VENDO NEELAKANDAN PARATHATIAL; MURTHY VENKATA SATYANARAYANA PATTA; EDAVALICKAL CHACKO PAULOSE; NELSON JACOB PERSEVEL ABRAHAM; THANGA RAJU PICHAI; BALAKRISHNAN KUNHAPPA PONKARAN; JOHN LIVINGSTON PONNUMANI; BENNY POULO; JOSHUA KURIAKOSE PULICKAL; MALADRAS PURUSHOTHAMAN; VENKATA SIVA JANAKI RAMA RAJU PUSAPATI; PAUL CHACKO PUTHANPERIKAL; VARGHESE MATHAI PUTHEAN; DAVIS MATHAI PUTHUSSERY; VENKATA RAMANA PUTTA; JACOB THOMAS PUTTUTHARA; RAMANA PYLA; SATYANARAYANA PYLA; KANAGARAJ RAJAKANNU; RAMAR RAJANGU; MUTHURAMAN RAMAMOORTHY; DANDU RAMBABU; BHULOKA RAJU RAVADA; BALASAMY RAVICHANDRAN; DAMODRA RAO REDDY-PALLI; ASOKKUMAR SABBANI; JAYKUMAR SAMBANTHAM; RAJEEVAN SATHYADAS; ANJURI SATYANARAYANA; SANKARA RAO SEETINI; DARAGA SHAIK; FEROZ SHAIK; RAMESH SHANMUGAM; SELVAKUMAR SHANMUGAM; JOHN THOMAS SHEEJU; DAMODARAM SIDDABATTULA; SATTURI SIMHACHALAM; JASWINDER SINGH; SWINDER SINGH; UPENDRA KUMAR SINGH; NOOKA NAKSHATRAM SIRASAPALLI; PRAKASA RAO SIRASAPALLI; KARUNAKARAN SUNDARESAN; GEORGE JACOB THADIKUZHINGARA; PRATAP BIR THAKUR; THOMAS POULOSE THALIATH; SUNIL THEKKERARA; ANTU THOMAS; RAJU CHACKO TOM; RAMA RAJU VADAPALLI; KOTESWARA RAO VAKKALAGADDA; VASU VANAVADA; ANBARASAN VARADARAJAN; JOYSON VARGHESE; RAJU VASIPALLI; RANSITH KUMAR M. VEERASAMY; ANTY RAPHAEL VELLAYIL; THOMACHAN JOSEPH VEMPLIATH; RAJA VIHAR GADI RAJU VENKATARAMA RAJU; THOMAS DEVASSY VITHAYATHIL; SIVAKUMAR VODAMODULA; JULIAN WILLIAM; JALESWAR YADAW; RAJU RAMAKRISHNA YEJARLA; SRINIVASA RAO YELAMANCHILI; VARGHESE V. MALEKUZHIVALIPARAMBIL; PARTHIPAN JAYARAMAN; SUDHAKARAN VAZHAPPILLIL; JOSEPH KEVIN VADAKKE VEETTIL; NARASIMHA SETTY SEELAM; TRINADHARAO DEVADULA; KANAKA SEKHAR KUMAR VESARAPU; ADINARAYANA UPPINIVALASA; RAMA KRISHNA RAMISETTI; SRINIVASRAO NIMMADALA; NAGA SATYANARAYANA AKKIREDDI; BIJU ERIPPAKKOTTIL PAUL; MATTHEW JOSEPH CHAKKALAKAL; MURALEED HARAN NAYAPULLI; SUNNY DEVASSY KALLIVALAPPIL; HAREESH JANARDHANAN CHETTIYAR; PANNER SELVAM SINGARAM; JOHN CHACKO; THOBIAS MICHEL; ROXEN DEVARAJ; SRINIVASAN RAGHAVAN; JOSE VARGHEESE MULANKUZHILIL; JOHN KUTTY MATHEWS; FRANCIS THARU; SATYANARAYANA KARRI-APPALA; RAJAKUMARAN ARUNACHALAM; VENKATRAO BODDEDA; VENKATA CHALAPATHI VAIYAPURI;**

**IGNATIOUS SEQUEIRA; JASWANI SINGH GILL; KRISHNA YABAJI; SASIKUMAR PILLAI VASUDEVAN; JOHN KORUTHU**

**vs.** **Case No.** 04-0044

SECT. I MAG. 5

**B.J. SINGH, individually and d/b/a as NTS SKILLFORCE RESOURCES, TERRY FORRESTER, individually and d/b/a as LABOR CONSULTANTS INTERNATIONAL and CHAD CHANDLER individually and d/b/a as FALCON STEEL STRUCTURES and COMEFORD ENTERPRISES,**

**Defendants.**

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

**COMPLAINT**

COME NOW the above named Plaintiffs (hereinafter workers or plaintiffs), by and through their attorneys, B. Kent Felty and David Capasso and for a Complaint against Defendants, state and allege as follows:

**JURISDICTION AND VENUE**

1. The named Plaintiffs are citizens of India.
2. Defendant B.J. Singh is believed to be a Canadian citizen doing business worldwide, including Louisiana in a systematic and continuous fashion.
3. Defendant B.J. Singh's activities purposefully directed at the Eastern District of Louisiana gave rise to the liabilities described herein.
4. Defendant Terry Forrester is believed to be a citizen of Idaho, doing business worldwide, including Louisiana in a systematic and continuous fashion.

5. Defendant Terry Forrester's activities purposefully directed at the Eastern District of Louisiana gave rise to the liabilities described herein.
6. Defendant Chad Chandler is believed to be a citizen of Mississippi or Louisiana, doing business worldwide, including Louisiana in a systematic and continuous fashion.
7. Defendant Chad Chandler's activities purposefully directed at the Eastern District of Louisiana gave rise to the liabilities described herein.
8. This Court has Subject Matter Jurisdiction under 28 U.S.C. Sections 1331, 1332 and 1350, as this civil action arises under the laws of the United States and under diversity of citizenship, and as this civil action is brought by aliens for a tort committed in violation of the law of nations or a treaty of the United States.
9. This Court has Personal Jurisdiction over the parties.
10. Venue is proper under 28 U.S.C. Section 1391 in that the acts and omissions complained of culminated in the Eastern District of Louisiana where the majority of the Plaintiffs now reside and where the bulk of the evidence and witnesses may be found.

**COUNT I - FRAUD**

11. Beginning sometime before December 13, 2000 and continuing through at least January, 2003, Defendants Singh, Chandler and Forrester interviewed skilled Indian workers in India, Dubai and Singapore.
12. The Defendants promised the workers a job in Louisiana working for Falcon Steel Structures.

13. The Defendants promised the workers they would receive approximately $14.00 per hour, for at least three (3) years in the United States, that they would have medical benefits and insurance, that their families would be able to join them and that they would be granted a "green card" signifying permanent resident status in the United States.

14. To gain all these benefits, the Defendants demanded and received between $10,000.00 to $20,000.00 from each worker.

15. The representations and promises made by Defendants were empty and false.

16. The Defendants made the promises and misrepresentations for the purpose of inducing the workers to pay various fees and commissions to the Defendants in India which Defendants knew could never be paid back and which debt would effectively bond them to Defendants, who would thereby reduce the Plaintiffs to a state of debt bondage and/or involuntary servitude.

17. The workers reasonably relied on the misrepresentations and promises of Defendants and did pay the Defendants fees and commissions of between $10,000.00 and $20,000.00 per worker.

18. The workers sold property and/or borrowed money at usurious rates and paid the money they had gained to the Defendants for the opportunity to work and live permanently in the United States of America.

19. When the workers arrived in Louisiana to work for Falcon Steel they discovered that Falcon Steel was not capable of employing them and is in fact a sham operation.

20. The workers were forced to stay in out-of-the-way hotels and holding areas where they were refused food and medical attention and told they would work randomly or periodically as Defendants saw fit, further creating a psychological state of total dependence and terror in the Plaintiffs.

21. These workers were tied by their Visa Application and status to Falcon Steel and Chad Chandler, who demanded the Plaintiffs surrender passports and other travel documents and provided no return transportation back to India, effectively sealing any avenue of escape.

22. Falcon Steel and Chad Chandler, having created a dependent and terrorized labor pool, "farmed" the workers out as temporary workers when opportunities arose and demanded and received a disproportionate and unconscionable portion of the workers wages as additional compensation for immigration "sponsorship".

23. When the workers attempted to gain employment apart from Falcon Steel or Chad Chandler, they were terrorized and hounded and prospective employers were discouraged from hiring the workers from India.

24. Companies with whom one or more of the Defendants contracted terminated workers as a result of Defendants demands, depriving these Plaintiffs of income.

25. Defendants responded to complaints from the Plaintiffs with threats of deportation and threats of imprisonment in the United States through abuse of the legal process, and threats of physical violence.

26. The workers families in India began receiving threats from creditors on loans that could not be repaid because the promised steady flow of income from the United

States had not materialized. In some cases family members warned workers that they would be killed if they returned home.

27. In many cases the workers were reduced to eating out of trash cans and became homeless and destitute.

28. In many cases the workers found sympathy and compassion and charity in the community.

29. In all cases the men were robbed of their money, their freedom and their dreams by the Defendants.

**COUNT II – R.I.C.O.**

30. Paragraphs one (1) through twenty-nine (29) are incorporated herein by reference.

31. Defendants B.J. Singh, individually and d/b/a as NTS Skillforce Resources, Terry Forrester, individually and d/b/a as Labor Consultants International and Chad Chandler individually and d/b/a as Falcon Steel Structures and Comeford Enterprises are engaged in activities which affect interstate or foreign commerce.

32. Defendants B.J. Singh, individually and d/b/a as NTS Skillforce Resources, Terry Forrester, individually and d/b/a as Labor Consultants International and Chad Chandler individually and d/b/a as Falcon Steel Structures and Comeford Enterprises, as persons within the meaning of 18 USCA § 1961(3), received income derived, directly or indirectly, for a pattern of racketeering activity which was used to acquire an interest in said enterprises in violation of 18 USCA § 1962(a).

33. The predicate acts which constitute this pattern of racketeering activity are described in paragraphs nine (9) through twenty-nine (29) above.

34. These acts of racketeering, occurring within ten years of one another, constitute a pattern of racketeering activity within the meaning of 18 USCA § 1961(5).

35. Plaintiffs were injured in their business or property by reason of this violation of 18 USCA § 1962, in that, as a direct and proximate result of Defendants' complained of acts, Plaintiffs suffered damages.

36. By reason of Defendants' violation of 18 USCA § 1962, Plaintiffs are entitled, pursuant to 18 USCA § 1964(c), to threefold the damages sustained, with interest, and a reasonable attorney's fee in connection herewith.

**COUNT III – PEONAGE IN VIOLATION OF 18 USC § 1581**

37. Paragraphs one (1) through twenty-nine (29) are incorporated herein by reference.

38. Defendants held Plaintiffs to a condition of peonage in violation of 18 USCA § 1581.

39. By reason of Defendants' violations of 18 USCA § 1581, Plaintiffs are entitled to damages.

40. Pursuant to 18 USCA § 1593, Plaintiffs are entitled to restitution.

**COUNT IV – ENTICEMENT INTO SLAVERY**

41. Paragraphs one (1) through twenty-nine (29) are incorporated herein by reference.

42. Defendants enticed, persuaded and induced plaintiffs to travel to the United States with the intent that they might be held as slaves in violation of 18 USCA § 1583.

43. By reason of Defendants' violations of 18 USCA § 1583, plaintiffs are entitled to damages.

44. Pursuant to 18 USCA § 1593, Plaintiffs are entitled to restitution.

**COUNT V – SALE INTO INVOLUNTARY SERVITUDE**

45. Paragraphs one (1) through twenty-nine (29) are incorporated herein by reference.

46. Defendants knowingly and willfully sold plaintiffs into involuntary servitude in violation of 18 USCA § 1584.

47. By reason of Defendants' violations of 18 USCA § 1584, plaintiffs are entitled to damages.

48. Pursuant to 18 USCA § 1593, Plaintiffs are entitled to restitution.

**COUNT VI – FORCED LABOR**

49. Paragraphs one (1) through twenty-nine (29) are incorporated herein by reference.

50. Defendants, in violation of 18 USCA § 1589, provided the labor and services of plaintiffs by means of a scheme, plan and pattern intended to cause plaintiffs to believe that, if plaintiffs did not perform such labor or services, that plaintiffs or other people would suffer serious harm.

51. By reason of Defendants' violations of 18 USCA § 1589, plaintiffs are entitled to damages.

52. Pursuant to 18 USCA § 1593, Plaintiffs are entitled to restitution.

**COUNT VII – TRAFFICKING WITH RESPECT TO PEONAGE, SLAVERY, INVOLUNTARY SERVITUDE OR FORCED LABOR**

53. Paragraphs one (1) through twenty-nine (29) are incorporated herein by reference.

54. Defendants knowingly recruited, provided and obtained plaintiffs for labor or services in violation of 18 USCA § 1590.

55. By reason of Defendants' violations of 18 USCA § 1590, plaintiffs are entitled to damages.

56. Pursuant to 18 USCA § 1593, Plaintiffs are entitled to restitution.

**COUNT VIII – HOBBS ACT CLAIM**

57. Paragraphs one (1) through twenty-nine (29) are incorporated herein by reference.

58. The actions of Defendants were in violation of 18 U.S.C.A. §§ 1951 and 1952, for which the Plaintiffs are entitled to damages.

**COUNT IX – CIVIL RIGHTS CLAIM**

59. Paragraphs one (1) through twenty-nine (29) are incorporated herein by reference.

60. Defendants conspired for the purpose of depriving Plaintiffs of the equal protection of the laws, or of equal privileges and immunities under the laws.

61. Defendants committed acts in furtherance of the conspiracy as described above in paragraphs eleven (11) through twenty-eight (29).

62. Plaintiffs were injured in their person or property.

63. The actions of Defendants were in violation of 42 USCA § 1985(3), for which the Plaintiffs are entitled to damages.

**COUNT X – PEONAGE IN VIOLATION OF 42 USCA § 1994**

64. Paragraphs one (1) through sixty-two (62) are incorporated herein by reference.

65. Defendants held plaintiffs to service and labor as peons as described in 42 USCA § 1994.

66. Plaintiffs were indebted as described above.

67. Plaintiffs were compelled to work for Defendants.

68. By reason of Defendants' actions in holding plaintiffs to service as peons, plaintiffs are entitled to damages.

**COUNT XI – NEGLIGENT MISREPRESENATION OF EMPLOYMENT**

69. Paragraphs one (1) through twenty-nine (29) are incorporated herein by reference.
70. Defendants had a duty arising out of their business or employment relationship to provide Plaintiffs with accurate information.
71. Defendants failed to exercise reasonable care in providing Plaintiffs with accurate information.
72. Defendants knew or should have known that Plaintiffs would rely on the information provided and would suffer harm if the information proved to be inaccurate.
73. Plaintiffs suffered harm as a result of Defendants' negligent misrepresentations.
74. By reason of defendants' negligent misrepresentations, plaintiffs are entitled to damages.

**COUNT XII – INTENTIONAL INTERFERENCE WITH PERFORMANCE OF CONTRACTS BY THIRD PERSON**

75. Paragraphs one (1) through twenty-nine (29) are incorporated herein by reference.
76. Defendants intentionally and improperly interfered with the performance of a contract between Plaintiffs and companies by inducing or otherwise causing the companies not to perform the contract.
77. By reason of Defendants' interference with performance of contracts by companies, plaintiffs are entitled to damages.

**COUNT XIII - INTENTIONAL INTERFERENCE WITH PLAINTIFFS' PERFORMANCE OF THEIR OWN CONTRACTS**

78. Paragraphs one (1) through twenty-nine (29) are incorporated herein by reference.

79. Defendants intentionally and improperly interfered with the performance of contracts between Plaintiffs and companies, by preventing Plaintiffs from performing their contracts or causing their performance to be more expensive or burdensome.

80. By reason of Defendants' interference with Plaintiffs' performance, Plaintiffs are entitled to damages.

**COUNT XIV - INTENTIONAL INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATION**

81. Paragraphs one (1) through twenty-nine (29) are incorporated herein by reference.

82. Defendants intentionally and improperly interfered with Plaintiffs' prospective contractual relations by inducing or otherwise causing companies not to enter into or continue the prospective relation or preventing Plaintiffs from acquiring or continuing the prospective relation.

83. By reason of Defendants' interference, Plaintiffs are entitled to damages.

**COUNT XV - NEGLIGENT INTERFERENCE WITH CONTRACT OR PROSPECTIVE CONTRACTUAL RELATION**

84. Paragraphs one (1) through twenty-nine (29) are incorporated herein by reference.

85. Defendants caused companies not to perform contracts with Plaintiffs or interfered with Plaintiffs' performance of their contract or made the performance

more expensive or burdensome or interfered with the Plaintiffs' acquiring a contractual relation with companies.

86. By reason of Defendants' interference, Plaintiffs are entitled to damages.

**COUNT XVI – FALSE IMPRISONMENT**

87. Paragraphs one (1) through twenty-nine (29) are incorporated herein by reference.

88. On many occasions, the Plaintiffs were kept against their will in various locations and were not allowed to leave.

89. As a result, the Plaintiffs have sustained damages.

90. In addition, the Plaintiffs are entitled to punitive damages.

**COUNT XVII – INTENTIONAL OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS**

91. Paragraphs one (1) through twenty-nine (29) are incorporated herein by reference.

92. The Defendants' actions in the setting in which they occurred were so extreme and outrageous as to go beyond all possible bounds of decency and would be considered atrocious and utterly intolerable in a civilized society.

93. The Defendants intentionally or recklessly caused severe emotional distress to the Plaintiffs beyond that which a reasonable person could be expected to endure.

94. As a result of the Defendants' actions, the Plaintiffs have suffered damages.

95. In addition, the Plaintiffs are entitled to exemplary damages.

**PRAYER FOR RELIEF**

WHEREFORE, premises considered, the Plaintiffs each and all would respectfully request an amount of money in excess of $75,000.00 per Plaintiff to compensate them as damages for past, present and future lost wages, fraud, violation of 18 USCA §

1962, peonage in violation of 18 USCA § 1581, enticement into slavery, sale into involuntary servitude, forced labor, trafficking with respect to peonage, slavery, involuntary servitude, or forced labor; violation of 18 USCA §§ 1591 and 1592, violation of 42 USCA § 1985(3), peonage in violation of 42 USCA § 1994, negligent misrepresentation of employment, intentional interference with performance of contracts by third person, intentional interference with Plaintiffs' performance of their own contracts, intentional interference with prospective contractual relation, negligent interference with contract or prospective contractual relation, false imprisonment and intentional infliction of emotional distress; treble damages, restitution and an amount of punitive damages sufficient to punish Defendants and deter future misconduct for pre and post judgment interest, for costs incurred, for attorneys' fees and for all other relief at law or in equity to which they may show themselves justly entitled.

Respectfully submitted,

B. Kent Felty, OBA NO. 15702
Trial Attorney
LAW OFFICES OF B. KENT FELTY
1405A Jefferson Ave.
New Orleans, LA 70115
(504) 895-1525
(504) 895-1589 Facsimile

AND

David Capasso, LA BAR #24990
Law Office of David Capasso
407 S. Broad St.
New Orleans, Louisiana 70119
Ph. (504) 822-3930
Fax (504) 822-5171