UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROY ABRAHAM, ET AL., | * | CIVIL ACTION |
| | * | NO. 04-0044 |
| Plaintiffs, | * | |
| | * | SECTION I (5) |
| VERSUS | * | |
| | * | JUDGE AFRICK |
| B.J. SING, individually and d/b/a NTS SKILLFORCE RESOURCES, TERRY FORRESTER, individually and d/b/a LABOR CONSULTANTS INTERNATIONAL and CHAD CHANDLER, individually and d/b/a FALCON STEEL STRUCTURES and COMEFORD ENTERPRISES, | * | MAGISTRATE JUDGE CHASEZ |
| | * | |
| | * | JURY TRIAL REQUESTED |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' RICO CASE STATEMENT

Pursuant to the RICO Standing Order entered in this case, Plaintiffs Roy Abraham, et al., file this RICO Case Statement and respectfully provide the Court with the following information:

1. **State whether the alleged unlawful conduct is in violation of 18 U.S.C. Sections 1962(a), (b), (c), and/or (d). If you allege violations of more than one Section 1962 subsections, treat each as a separate RICO claim.**

   The alleged conduct is a violation of 18 U.S.C. Sections 1962(a), (b), (c), and (d).

2. **List each defendant and state the alleged misconduct and basis of liability of each defendant.**

   **Defendant Chad Chandler ("Chandler")** has violated 18 U.S.C. § 1962(a) because he has received income, directly or indirectly,

1

through a pattern of racketeering activity and has used that income or its proceeds in the operation of an enterprise engaged in, or the activities of which affect interstate commerce, specifically, Falcon Steel Structures ("FSS"), now known as Comeford Enterprises. Chandler has also violated 18 U.S.C. § 1962(b) because he has, through a pattern of racketeering activity, maintained, directly or indirectly, an interest in or control of FSS, which is an enterprise that is engaged in, or the activities of which affect, interstate commerce. Chandler has also violated 18 U.S.C. § 1962(c) because he is either employed by or associated with FSS, which is an enterprise engaged in, or the activities of which affect, interstate commerce and he has, directly or indirectly, conducted or participated in the conduct of FSS' affairs through a pattern of racketeering activity. Finally, Chandler has violated 18 U.S.C. § 1962(d) because he has conspired with co-Defendants Terry Forrester and/or B.J. Singh and/or with their agents and representatives, to violate the provisions of 18 U.S.C. §§ 1962(a), (b), or (c) and with Defendant FSS to violate 18 U.S.C. § 1962(a). These violations have occurred in connection with the racketeering scheme commencing with the false representations and promises of gainful employment and permanent residence status in the United States and culminating with Plaintiffs destitute financial situation and facing of possible deportation, all for the financial gain of the racketeer Defendants.

**Defendant Terry Forrester ("Forrester")** has violated 18 U.S.C. § 1962(a) because he has received income, directly or indirectly, through a pattern of racketeering activity and has used that income or its proceeds in the operation of an enterprise engaged in, of the activities of which affect interstate commerce, specifically, FSS. He has also violated 18 U.S.C. § 1962(b) because he has, through a pattern of racketeering activity, maintained, directly or indirectly, an interest in or control of FSS, which is an enterprise that is engaged in, or the activities of which affect, interstate commerce. Defendant Forrester has also violated 18 U.S.C. § 1962(c) because he is either employed by or associated with FSS, which is an enterprise engaged in, or the activities of which affect, interstate commerce and he has, directly or indirectly, conducted or participated in the conduct of FSS' affairs through a pattern of racketeering activity. Finally, Defendant Forrester has violated 18 U.S.C. § 1962(d) because he has conspired with co-Defendants Chad Chandler and/or B.J. Singh and/or with their agents and representatives to violate the provisions of 18 U.S.C. §§ 1962(a), (b), or (c) and with Defendant FSS to violate 18 U.S.C. § 1962(a). These violations have occurred in connection with the racketeering scheme commencing with the false representations and promises of

gainful employment and permanent residence status in the United States and culminating with Plaintiffs destitute financial situation and facing of possible deportation, all for the financial gain of the racketeer Defendants.

**Defendant B.J. Singh ("Singh")** has violated 18 U.S.C. § 1962(a) because he has received income, directly or indirectly, through a pattern of racketeering activity and has used that income or its proceeds in the operation of an enterprise engaged in, or the activities of which affect interstate commerce, specifically, FSS. He has also violated 18 U.S.C. § 1962(b) because he has, through a pattern of racketeering activity, maintained, directly or indirectly, an interest in or control of FSS, which is an enterprise that is engaged in, or the activities of which affect, interstate commerce. Defendant Singh has also violated 18 U.S.C. § 1962(c) because he is either employed by or associated with FSS, which is an enterprise engaged in, or the activities of which affect, interstate commerce and he has, directly or indirectly, conducted or participated in the conduct of FSS' affairs through a pattern of racketeering activity. Finally, Defendant Singh has violated 18 U.S.C. § 1962(d) because he has conspired with co-Defendants Chad Chandler and/or Terry Forrester and/or with their agents and representatives to violate the provisions of 18 U.S.C. §§ 1962(a), (b), or (c) and with Defendant FSS to violate 18 U.S.C. § 1962(a). These violations have occurred in connection with the racketeering scheme commencing with the false representations and promises of gainful employment and permanent residence status in the United States and culminating with Plaintiffs destitute financial situation and facing of possible deportation, all for the financial gain of the racketeer Defendants.

**Defendant Falcon Steel Structures and it's successor/alter ego Comeford Enterprises** has violated 18 U.S.C. § 1962(a) because it has received income, directly or indirectly, through a pattern of racketeering activity and has used that income or its proceeds in its own operations as an enterprise engaged in, or activities of which affect interstate commerce. In addition, Defendant FSS has violated 18 U.S.C. § 1962(d) because it has conspired with co-Defendants Chad Chandler, Terry Forrester and/or B.J. Singh and/or their agents and representatives to violate the provisions of 18 U.S.C. § 1962(a). These violations have occurred in connection with the racketeering scheme commencing with the false representations and promises of gainful employment and permanent residence status in the United States and culminating with Plaintiffs destitute financial situation and facing of possible deportation, all for the financial gain of the racketeer Defendants.

3

3. **List the alleged wrongdoers, other that the Defendants listed above, and state the alleged misconduct of each wrongdoer.**

>Alleged wrongdoers, in addition to Defendants, are their agents and representatives who have aided, abetted and acted in concert with, or at the direction of, or on behalf of, the Defendants. The identities of all these alleged wrongdoers are not know at this time. Upon information and belief, these agents and representatives have facilitated the commission of federal and state crimes as alleged herein and in the Complaint.

4. **List the alleged victims and state how each victim allegedly was injured.**

>The victims in this matter are the 220 Plaintiffs who have been cheated out of over $10 million collectively as a direct result of the racketeering scheme described herein. Each Plaintiff has: (1) paid unconscionable and illegal fees to the Defendants for the privilege of being sponsored in the United States by FSS; (2) suffered enormous economic losses in the form of lost wages due to the Defendants breach of contract and illegal actions; (3) suffered significant emotional trauma as a result of the terrorism of Defendants and (4) have incurred significant legal fees as they try to remain in the United States or lose all hope of recovering any portion of their money and being given permanent resident status. These injuries are substantial and are the direct result of the Defendants' racketeering scheme.

5. **Describe in detail the pattern of racketeering activity or collection of an unlawful debt alleged for each RICO claim. A description of the pattern of racketeering activity shall include the following information:**

>a. **List the alleged predicate acts and specific statues allegedly violated;**
>
>>i. Defendants have knowingly, intentionally and willfully violated the Travel Act 18 U.S.C. § 1952(a) et seq. by promoting and intending to promote, manage, establish, carry-on, and facilitate the promotion, management, establishment, and carrying on of the RICO enterprise by traveling and

      inducing Plaintiffs to travel in international and interstate travel via air and ground transportation.

  ii. Defendants have knowingly, intentionally and willfully, in violation of 18 U.S.C. § 1956, conducted and caused to be conducted at least two financial transactions by financial institutions engaged in, and the activities of which affect, interstate commerce by receiving, depositing and negotiating checks drawn upon such financial institutions knowing that the proceeds of such checks were a result of the racketeering scheme detailed herein and in the Complaint and, further, with the specific intent to hide, conceal and disguise the nature, location, source, ownership and control of said funds.

  iii. Defendants have knowingly, intentionally and willfully violated 8 U.S.C. § 1324(a)(1)(A)(iv) in that they have encouraged and induced Plaintiffs to come to, enter and reside in the United States knowing and in reckless disregard for the fact that such coming to, entry and residence is or will be in violation of law. The Defendants have also knowingly, intentionally and willfully violated 18 U.S.C. §§ 1581, 1589 and 1590 regarding the debt bondage, peonage and involuntary servitude of Plaintiffs in furtherance of the racketeering scheme.

 b. **Provide the dates of the predicate acts, the participants in the predicate acts and a description of the facts surrounding each predicate act;**

  i. Between November of 2000 and March of 2003, the Defendants caused Plaintiffs to travel from overseas to the United States in furtherance of their racketeering scheme. These acts alone number at least 220 separate predicate acts. Moreover, the Defendants themselves admit to traveling abroad and within the United States. These additional predicate acts were all for the purpose of carrying on the racketeering scheme and/or the business of the RICO enterprise.

5

    ii.    The predicate acts involving violation of the money laundering statute (promotion and concealment prongs) involve the receipt, deposit and negotiation of dozens of checks drawn upon financial institutions by Plaintiffs and by third parties for the benefit of Plaintiffs. These financial transactions involve the proceeds from the racketeering scheme and were intended to promote, carry on and further the racketeering pattern activity described herein and with specific intent to hide, conceal and disguise the nature, location, source, ownership and control of the ill-gotten gains resulting from the racketeering scheme. These acts of Defendants occurred between November of 2000 and March of 2003.

    iii.    The predicate acts involving immigration law violations arise from the sponsorship of Plaintiffs by FSS in furtherance of the racketeering scheme. These acts began in November of 2000 and continue to this day. These predicate acts are an integral part of the racketeering scheme and number at least 220 separate acts. All Defendants participated in these predicate acts, involving material misrepresentations to the Immigration Service that (1) FSS was capable of immediately employing (and paying) Plaintiffs; (2) wages to be paid Plaintiffs would equal or exceed the prevailing wage; and, (3) no deductions would be charged Plaintiffs for living accommodations, food or "incidentals" (anti-peonage).

  c.  **If the RICO claim is based upon the predicated offenses of wire fraud, mail fraud, fraud in the sale of securities, or fraud in connection with a case under U.S.C. Title II, the "circumstances constituting fraud or mistake shall be stated with particularity," Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged misrepresentation or omissions, and the identity of persons to whom and by whom the alleged misrepresentations or omissions were made;**

    i.    Plaintiffs are gathering more detailed information before pleading wire and mail fraud violations pursuant to 18 U.S.C. §§ 1341 and 1343.

  d. **Describe whether the alleged predicate acts relate to the enterprise as part of a common plan. If so, describe in detail.**

    The predicate acts of money laundering, Travel Act violations and immigration law violations relate to the enterprise as a common plan because the enterprise, FSS, has been conducted by Singh, Forrester and Chandler for the purpose of enticing alien workers to relocate to the United States pursuant to the H2B visa program, with assurances of steady, gainful employment and ongoing assistance with the immigration process. These predicate acts are a necessary and integral part of the racketeering scheme and are used by the Defendants to implement their common plan to defraud Plaintiffs and other unsuspecting alien workers. Indeed, without the predicate RICO violations, completion of the scheme would be impossible because the ability to have the Plaintiffs relocate to the United States, work and be paid in the United States requires international travel, involvement of financial institutions and favorable immigration status.

6. **Describe in detail the alleged enterprise for each RICO claim.**

A description of the enterprise shall include the following information:

  a. **State the names of the individuals, partnerships, corporations, associations or other entities allegedly constituting the enterprise;**

    Falcon Steel Structures, now known as Comeford Enterprises, constitutes the enterprise.

  b. **Describe the structure, purpose, roles, function and course of conduct of the enterprise;**

    FSS is a limited liability company organized under the laws of Mississippi. Chandler, Forrester and Singh are or have been principals or agents of FSS. The purpose of FSS is described above. Upon information and belief, Chandler, Forrester and Singh are all critical actors and have been instrumental in setting up FSS as a business enterprise, designing the business model and concocting the racketeering scheme to defraud Plaintiffs. At this time it is unknown whether FSS conducts any legitimate business beyond the racketeering activity described.

    c.    **State whether any defendants are employees, officers or directors of the alleged enterprise;**

        i.    Upon information and belief, Chandler is or has been an officer, director, agent or employee and a member or manager of FSS.

        ii.    Upon information and belief, Forrester is or has been an officer, director, agent or employee of FSS.

        iii.    Upon information and belief, Singh is or has been an officer, director, agent or employee of FSS.

    d.    **State whether any defendants associated with the alleged enterprise, and if so, how;**

    *See supra,* ¶ 6.c.

    e.    **State whether you allege that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise;**

        i.    Defendant FSS, now know as Comeford Enterprises, is the enterprise.

        ii.    Defendants Chandler, Forrester and Singh and their agents and representatives are separate from but members of the enterprise.

    f.    **If you allege any defendants to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.**

    Upon information and belief, Defendants Chandler, Forrester and Singh are all perpetrators of the alleged racketeering activity.

7.    **State whether you allege and describe in detail how the pattern of racketeering activity and the enterprise are separate or have merged into one entity.**

>At the present time, it is unclear whether the pattern of racketeering activity and the enterprise are separate or have merged into one entity because the extent of FSS' legitimate function, if any, is uncertain. At present, Plaintiffs do not know if FSS has any legitimate ongoing business. It is evident, however, that FSS continues to engage in the predicate acts of racketeering described herein even to this day.

8. **Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.**

>The FSS enterprise purportedly exists to promote and sponsor alien workers who seek gainful employment in the United States and permanent residence status. The predicate acts set forth herein and in the Complaint that form the basis of the pattern of racketeering activity are related in the sense that they have the same purpose (to carry out the scheme to defraud the Plaintiffs described above, including the ongoing effort to conceal the RICO enterprise's illegal activity by use of threats, blackmail and extortion against those who would dare interfere with their criminal efforts); result (to complete the RICO enterprise's fraudulent scheme to permanently deprive the Plaintiffs of their property by keeping the funds lawfully due the Plaintiffs and converting these sums to their own use); victims (the Plaintiffs); method of commission (the scheme described above in detail at Paragraph 5); and, are otherwise interrelated by distinguishing characteristics, and are not isolated events, since they were carried out for the same purpose of defrauding the Plaintiffs.

9. **Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering activity.**

>The enterprise received revenues through the fees has collected and continues to collect for the sponsorship of Plaintiffs pursuant to the H2B visa program and through fees charged for Plaintiffs employment. Defendants Chandler, Forrester and Singh have benefited directly or indirectly through salaries, bonuses, dividends or other remuneration from or through FSS.

10. **Describe the effect of the activities of the enterprise on interstate or foreign commerce.**

>The enterprise is conducting business across state and international lines. FSS recruited Plaintiffs from overseas to come to the United States to work pursuant to the H2B visa program. The Travel Act violations, money laundering and immigration law violations all impact interstate and foreign commerce.

11. **If the complaint alleges a violation of 18 U.S.C. Section 1962(a) provide the following information:**

>a. **State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and,**
>
>>Defendant FSS received income from the pattern of racketeering activity through the revenues generated by fees collected from Plaintiffs for the privilege of being sponsored pursuant to the H2B visa program and from charging illegal fees for Plaintiffs' work while in the United States. Upon information and belief, Chandler, Forrester and Singh have received income directly or indirectly from FSS generated by the pattern of racketeering activity directed at Plaintiffs.
>
>b. **Describe the use or investment of such income.**
>
>>Upon information and belief, some of the income generated by FSS from the pattern of racketeering activity was used to continue operation of the enterprise. In point of fact, FSS is required to remain in business in order to continue its sponsorship of Plaintiffs under the H2B visa program – a linchpin of the entire RICO pattern described herein.
>>
>>Upon information and belief, a significant portion of that income has been received through FSS by Defendants Chandler, Forrester and Singh and has been reinvested back into the FSS enterprise, retained as personal property, invested in personal assets or spent for personal purposes.

12. **If the complaint alleges a violation of 18 U.S.C. section 1962(b), provide the following information:**

>a. **Describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise; and,**

10

Upon information and belief, Defendants Chandler, Forrester and Singh are now or were employees, officers, agents and/or directors and Chandler is a member or manager of FSS and through the above-described acts of money laundering, Travel Act violations and immigration law violations which they have directed or condoned, they have maintained their interest in or control of FSS.

    **b.** **State whether the same entity is both the liable "person" and the "enterprise" under section 1962(b).**

The same entity is not the liable "person" and the "enterprise" under Section 1962(b).

Defendants Chandler, Forrester and Singh are the "persons." Defendant FSS is the "enterprise."

13. **If the complaint alleges a violation of 18 U.S.C. Section 1962(c), provide the following information:**

    **a.** **State who is employed by or associated with the enterprise.**

        i.    Upon information and belief, Chandler is or has been an employee, officer, agent and/or director and is a manager/member of FSS.

        ii.    Upon information and belief, Forrester is or has been an employee, officer, agent and/or director of FSS.

        iii.    Upon information and belief, Singh is or has been an employee, officer, agent and/or director of FSS.

    **b.** **State whether the same entity is both the liable "person" and the enterprise under Section 1962(c).**

The same entity is not the liable "person" and the "enterprise" under Section 1962(c).

Defendants Chandler, Forrester and Singh are the "persons." Defendant FSS is the "enterprise."

11

14. **If the complaint alleges a violation of 18 U.S.C. Section 1962(d), describe in detail the alleged conspiracy;**

>Defendants have conspired with one another in the racketeering scheme commencing with the false representations and promises of gainful employment and permanent residence status in the United States and culminating with Plaintiffs destitute financial situation and facing of possible deportation, all for the financial gain of the racketeer Defendants.

15. **Describe the alleged injury to business or property;**

>*See supra,* ¶ 4.

16. **Describe the relationship between the alleged injury and violation of the RICO statute.**

>Defendants have violated 18 U.S.C. § 1962 by engaging in a pattern of racketeering activity through which they have caused FSS to engage in numerous acts of the predicate offenses of money laundering, immigration law violations, Travel Act violations which have generated revenues for FSS that were used to maintain the FSS enterprise and for the personal benefit of the individual Defendants. This pattern of racketeering activity has caused harm to Plaintiffs as detailed herein. This harm to Plaintiffs is ongoing as Defendants continue to sponsor Plaintiffs continued stay in the United States. Monies paid by Plaintiffs have been funneled directly to FSS, and on information and belief, has been paid to Chandler, Forrester and Singh as bonuses, dividends or other distributions.

17. **List the damages sustained by reason of the violation of Section 1962, indicating the amount for which each defendant allegedly is liable.**

>Defendants are liable, jointly, severally, and *in solido* for the following damages:
>
>(a) Illegal and unconscionable service fees charged to each Plaintiff in amounts between $7,000.00 and $20,000.00 for immigration sponsorship, conservatively totaling in excess of $3,000,000.00. Each Defendant is solidarily liable for the entire amount.

    (b)    Compensatory damages necessary to make Plaintiffs whole for the fraudulent breach of contract, conservatively estimated at $10,000,000.00. Each Defendant is solidarily liable for the entire amount.

    (c)    Non-pecuniary damages and compensatory damages for tortious conduct. Each Defendant is solidarily liable for the entire amount.

    (d)    Exemplary or treble damages. Each Defendant is solidarily liable for the entire amount.

    (e)    Attorneys' fees, prejudgment interest and costs of litigation. Each Defendant is solidarily liable for the entire amount

**18. List all other federal causes of action, if any, and provide the relevant statute numbers.**

42 U.S.C. § 1985(3); 22 U.S.C. § 7101

**19. List all pendant state claims, if any.**

Breach of contract, fraud, intentional infliction of emotional distress.

**20. Provide any additional information you feel would be helpful to the Court in processing your RICO claim.**

None.

    Respectfully submitted:

    _____
    B. Kent Felty (OBA 15702
    Trial Attorney
    LAW OFFICES OF B. KENT FELTY
    1405A Jefferson Ave.
    New Orleans, LA 70115
    Phone: (504) 895-1585
    Fax:   (504) 895-1589

*[signature]* BKF

Brent D. Burley (LA Bar #22744)
FENET & ANDERSON, APLLC
8641 United Plaza Blvd., Suite 200
Baton Rouge, LA  70809
Phone: (225) 926-5500
Fax:    (225) 926-5577


David Capasso (LA Bar #24990)
LAW OFFICE OF DAVID CAPASSO
407 S. Broad St.
New Orleans, LA  70119
Phone: (504) 822-3930
Fax:    (504) 822-5171