UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROY ABRAHAM, ET AL** | **CIVIL ACTION** |
| **versus** | **No. 04-0044** |
| **B.J. SINGH, ET AL** | **SECTION: I/5** |

## ORDER AND REASONS

Before the Court is a motion, filed on behalf of defendants, Labor Consultants International, L.L.C. ("LCI") and Terry Forrester, to reconsider this Court's order dismissing the claims of 43 of the plaintiffs without prejudice for failure to prosecute.[1]  The motion is unopposed.

On or about May 9, 2005, this Court was advised by the United States Magistrate Judge that plaintiffs' counsel was having difficulty contacting some of his clients with respect to settlement negotiations that were occurring with respect to plaintiffs' lawsuit against LCI and Forrester.  The Court ordered plaintiffs' counsel to provide the names and addresses of the individual plaintiffs who he had been unable to contact.  Plaintiffs' counsel timely complied, providing a list of 43 named plaintiffs.

---

[1] Rec. Doc. No. 100.  The movants also seek reconsideration of this Court's order dismissing their motion to dismiss as moot due to a partial settlement reached in the case, Rec. Doc. No. 98, and this Court's order dismissing plaintiffs' claims against movants based on such settlement, Rec. Doc. No. 99.  Because this Court finds that reconsideration of the dismissal without prejudice is appropriate, reconsideration of the remaining orders is unnecessary.

On or about May 18, 2005, the clerk of court sent notice to the 43 plaintiffs, identified by counsel at their last known addresses via both regular and certified mail, that this Court was ordering those plaintiffs to appear and show cause in this Court on June 1, 2005, why their claims should not be dismissed for failure to prosecute.  At the hearing on June 1, 2005, none of the 43 plaintiffs appeared.  Thereafter, this Court entered an order dismissing those 43 plaintiffs' claims without prejudice for failure to prosecute.  LCI and Forrester now move for reconsideration of the dismissal without prejudice in light of the settlement reached between them and the remaining plaintiffs and their potential exposure to claims which may be re-initiated by the 43 absent plaintiffs.

A district court may dismiss an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b):

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Rule 41(b).  The power to dismiss is an inherent power of the court.  *Ford v. Sharp*, 758 F.2d 1018, 1021 (5th Cir. 1985); *Rogers v. Kroger*, 669 F.2d 317, 319-20 (5th Cir. 1982).  A dismissal with prejudice for failure to prosecute operates as an adjudication on the merits and it is reversible only when a court has abused its discretion.  *Colle v. Brazos County, Texas*, 981 F.2d 237, 242 (5th Cir. 1993); *Ramsey v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976) .  In the Fifth Circuit, a dismissal with prejudice will only be affirmed if there is a "'clear record of delay or contumacious conduct by the plaintiff,'...,and where lesser sanctions would not serve the best interests of justice."  *Rogers*, 669 F.2d at 320 (quoting *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972)).   In

determining the propriety of a dismissal with prejudice for failure to prosecute, the Fifth Circuit also considers whether any of the following aggravating factors exist: (1) the extent to which the plaintiff (as distinguished from his counsel) was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988); *Rogers*, 669 F.2d at 320; *Ford*, 758 F.2d at 1021. Dismissals with prejudice that have been affirmed on appeal "illustrate that such a sanction is reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." *Rogers*, 669 F.2d at 320 (footnotes omitted); *see also Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989) ("A dismissal with prejudice for failure to prosecute is an extreme sanction which is to be used only when the plaintiff's conduct has threatened the integrity of the judicial process [in a way which leaves] the court no choice but to deny that plaintiff its benefits.") (internal quotation marks and citations omitted) (alteration in original).

In a factually analogous case, a district court dismissed a plaintiff's action with prejudice for failure to prosecute when the plaintiff failed to communicate with the Court or with opposing parties for a period of over two months. *Dong v. United States*, 2004 WL 385117, at *3 (S.D.N.Y. March 2, 2004). In that case, the Court reasoned:

> [Plaintiff] has had no contact with either the Court or the Government since a Civil Court hearing on December 4, 2004, a period of over two months. By serving this motion, the Government has notified [Plaintiff] that his failure to prosecute might result in dismissal. In addition, the Government has already made numerous attempts to serve [Plaintiff] with various papers in this case. Each package has been returned to sender. Indeed, the very fact that [Plaintiff] has been inaccessible for the last two months--without notifying the Court, the Government, or the Pro Se Office of a change of address--strongly suggests that he is not diligently pursuing this claim. *See Hibbert v.*

> *Appel,* No. 99 Civ. 4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (Scheindlin, J.). [Plaintiff]'s totally unexplained disappearance is manifestly unreasonable, *see id.* at *3, and therefore presumptively prejudices the Government. *See Pearl v. City of New York,* 992 F.2d 458, 462 (2d Cir.1993) (holding that prejudice may be presumed where delay is unreasonable).
>
> Moreover, no remedy other than dismissal makes sense. Ordinarily, I might send [Plaintiff] a warning or order him to appear for a hearing, but I have no way to reach him. There is no reason for this case to languish on the Court's docket or to hang over the head of the Government if [Plaintiff] is unwilling or unable to prosecute it. For this reason, too, the case must be dismissed.

*Id.*; *see also Irabor v. C.O'Neel,* 1998 WL 1780650, at *2 (D.N.D.) ("[P]laintiff's failure to communicate with the court in any manner, including checking the status of his case or notifying the clerk's office of his current address, plaintiff's failure to communicate with opposing parties or their counsel, and plaintiff's failure to press forward with his case for approximately 8½ months, indicates to this Court a willful failure to prosecute the claim, thus making dismissal with prejudice pursuant to Rule 41(b) appropriate.").

The record in this case supports dismissing the 43 named plaintiffs' claims against LCI and Forrester with prejudice. Plaintiffs' willful failure to communicate with the Court and with their own counsel for over three months, notwithstanding attempts by both this Court and plaintiffs' counsel to initiate contact, illustrates a clear record of delay.

Moreover, lesser sanctions would not be appropriate in this case. This Court's order to show cause was sent to the absent named plaintiffs by both certified and regular mail. The record reflects that some of the mail was returned as undeliverable, some of the mail was received, but none of the plaintiffs appeared at the hearing or contacted their counsel despite counsel's attempts at reaching the plaintiffs in order to discuss the settlement of this action and the possible dismissal of their

claims. It is clear that further attempts to contact plaintiffs will be to no avail.

Several aggravating factors also exist in this case. Plaintiffs' unexplained absence is directly attributable to plaintiffs rather than their counsel, there is no suggestion that plaintiffs' absence is anything but intentional, and there is a high degree of prejudice to defendants caused by plaintiffs' absence. In light of the months of diligent work by counsel for plaintiffs, counsel for LCI and Forrester, and the United States Magistrate Judge assigned to this action in arriving at a settlement and compromise of the remaining plaintiffs' claims against LCI and Forrester, the 43 absent plaintiffs' inexplicable abandonment of their claims has threatened the integrity of the judicial process in a way which leaves this Court "no choice but to deny [those] plaintiff[s] its benefits." *Markwell*, 878 F.2d at 902.

Accordingly,

**IT IS ORDERED** that the motion, filed on behalf of defendants, Labor Consultants International, L.L.C. ("LCI") and Terry Forrester, to reconsider this Court's order dismissing the claims of 43 of the plaintiffs without prejudice for failure to prosecute (Rec. Doc. No. 100) is **GRANTED** and such order is hereby **AMENDED** to reflect that the claims of the plaintiffs named therein are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, July __26th__, 2005.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**